IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 2:24-cr-209-ECM |
| | ) [WO] |
| CHARLIE TOWNSEND | ) |

**O R D E R**

Now pending before the Court is Defendant Charlie Townsend's ("Townsend") motion to reconsider (doc. 34), in which Townsend requests that the Court reconsider the portion of its December 31, 2024 Order requiring him to voluntarily surrender to the United States Marshals Service by January 7, 2025. Upon consideration of the motion, and for the following reasons, the Court concludes that the motion is due to be denied.

A defendant's release or detention pending sentencing is governed by 18 U.S.C. § 3143(a). Section 3143(a)(2) requires that the Court detain, pending sentencing, "a person who has been found guilty of an offense in a case described in" 18 U.S.C. § 3142(f)(1)(A), (B), or (C), unless: (1) the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person"; *and* (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." On December 31, 2024, the Court adjudicated Townsend guilty of four counts of violating 21 U.S.C. § 841(a)(1) (doc. 33), three of which are "offense[s] for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)." *See* 18 U.S.C. § 3142(f)(1)(C)

(parenthetical in original). Thus, Townsend must be detained pending sentencing unless he satisfies specific statutory criteria. Townsend acknowledges that he cannot satisfy all of the requirements of § 3143(a)(2) because he pleaded guilty, and thus there is not a "substantial likelihood that a motion for acquittal or new trial will be granted"; and the Government has not recommended that no sentence of imprisonment be imposed. (Doc. 34 at 2).

But § 3143(a)(2) does not end the Court's inquiry. A defendant subject to mandatory detention pursuant to § 3143(a)(2) may nonetheless be released pending sentencing if he satisfies the criteria in § 3143(a)(1) *and* shows that there are "exceptional reasons" why detention would not be appropriate. *See* 18 U.S.C. § 3145(c). The Court will assume without deciding that Townsend satisfies § 3143(a)(1)—*i.e.*, that he is not a danger and not likely to flee. Thus, the Court will focus its analysis on whether he has shown "exceptional reasons."

The statute does not define "exceptional reasons," and the Court's research failed to reveal caselaw from the Eleventh Circuit defining this phrase. Another judge in this district found exceptional reasons based on the recent death of the defendant's father and the defendant's need to resolve his father's financial matters. *See United States v. Johnson*, 2018 WL 4922724, at *2 (M.D. Ala. Oct. 10, 2018). The Second Circuit has explained that "[e]xceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (citation omitted). Similarly, the Eighth Circuit has

interpreted "exceptional" in this context to mean "clearly out of the ordinary, uncommon, or rare." *United States v. Brown*, 368 F.3d 992, 993–94 (8th Cir. 2004) (per curiam); *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007).

Townsend argues that he has shown exceptional reasons because if he were detained pending sentencing, "he would have to spend nearly 4 months in solitary confinement before he could even be sentenced." (Doc. 34 at 3). He contends that he would "likely" be detained in the Montgomery County Detention Facility, and because of his former employment as a corrections officer, officials would have "no choice" but to place him in protective custody for his own safety. (*Id.*). He argues that protective custody is "tantamount" to solitary confinement, which is often viewed as punishment. (*Id.*).

On this record, the Court finds that Townsend's speculation that he may be subjected to conditions akin to solitary confinement because he used to be a corrections officer does not qualify as "exceptional reasons" why detention would not be appropriate. The Court finds instructive and persuasive the Eighth Circuit's decision in *Brown*, in which the defendant argued that he should be released pending appeal[1] because, due to his child pornography conviction, he "might be subjected to violence if detained in a local jail while awaiting assignment to a federal correctional institution." 368 F.3d at 993. The court rejected this argument, explaining that it did not "see how [the defendant's] case [was] 'clearly out of the ordinary, uncommon, or rare' when compared to every other defendant

---

[1] Although *Brown* addressed release pending appeal rather than release pending sentencing, the Court nonetheless finds *Brown* instructive because the exceptional reasons inquiry applies in both situations. *See* 18 U.S.C. § 3145(c).

3

convicted of offenses involving the sexual exploitation of children, all of whom are subject to mandatory detention under § 3143(a)(2)." *Id.* Similarly, this Court fails to discern how Townsend's case is "clearly out of the ordinary, uncommon, or rare" when compared to every other defendant subject to mandatory detention who is a former corrections officer, or who has other characteristics which may result in placement in protective custody or other suboptimal conditions of confinement pending sentencing. *See id.* While the Court need not, and does not, decide whether conditions of confinement could ever constitute exceptional reasons in this context,[2] the Court finds that Townsend has failed to show exceptional reasons here. Consequently, the Court concludes that Townsend's motion is due to be denied.

Accordingly, for the reasons stated, it is

ORDERED that Townsend's motion to reconsider (doc. 34) is DENIED.

Done this 3rd day of January, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Indeed, other than the phrase "solitary confinement," Townsend does not describe the conditions at the Montgomery County Detention Facility to which he fears he may be subjected.